1

2

3

4

5

6

7

8    The Honorable Ronald B. Leighton

9

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE WESTERN DISTRICT OF WASHINGTON**

12                       **TACOMA DIVISION**

13

| | | |
|---|---|---|
| 14  GROUND ZERO CENTER FOR | ) | Case No. 3:12-cv-05537-RBL |
| 15  NONVIOLENT ACTION, WASHINGTON PHYSICIANS FOR SOCIAL | ) ) | Hon. Ronald B. Leighton |
| 16  RESPONSIBILITY, and GLEN S. MILNER, | ) ) | |
| 17      Plaintiffs, | ) ) | **DEFENDANTS' REPLY IN SUPPORT OF MOTION REQUESTING THAT THE COURT MAKE ADDITIONAL** |
| 18      v. | ) ) | **FINDINGS** |
| 19 | ) | |
| 20  UNITED STATES DEPARTMENT OF THE NAVY, et al., | ) ) | NOTE ON MOTION CALENDAR: August 7, 2020 |
| 21      Defendants. | ) ) | |
| 22 | ) ) | |
| 23 | ) ) | |
| 24 | ) ) | |
| 25 | ) ) | |
| 26 | ) | |

27

28

Defs' Reply in Supp. of Mot. Requesting
That the Court Make Additional Findings
No. 3:12-cv-05537

U.S. Department of Justice
999 18th St., S. Terrace – Suite 370
Denver, CO  80202
(303)844-1376

# INTRODUCTION

The Court should continue to protect the documents produced in this litigation that were subject to the Court's prior orders and have remained under seal for the past eight years. In the judgment of the Navy officials who have submitted declarations in this case, the release of the information in the documents could cause significant harm to national security and public health and safety. Plaintiffs' arguments that they have obtained similar information from other sources should be rejected because the documents at issue are the ones that Defendants produced in this litigation. Accordingly, the Court should find that the Navy has demonstrated compelling reasons to continue to protect the information in the documents in accordance with the Ninth Circuit's remand. *See Ground Zero Ctr. for Nonviolent Action v. U.S. Dep't of the Navy*, 860 F.3d 1244 (9th Cir. 2017).

# ARGUMENT

## I.   Plaintiffs' Argument that They Obtained the Documents from an Independent Source Should Be Rejected

The Court should order that documents produced in the litigation should continue to be protected. Plaintiffs claim that they obtained documents independently from the litigation, and if they did, then such documents are not subject to the Court's order. That is not a reason, however, to order the release of the documents that have remained under the Court's protection for the past eight years.

### A.   The Three Documents Allegedly Obtained from the Internet

Plaintiffs claim that they obtained three of the documents independently from the litigation by downloading them from the Internet. Those documents are copies or excerpts of various versions of Naval Sea Systems Command OP 5 ("NAVSEA OP 5"), a manual providing regulations for the storage, handling, and production of explosives at Navy and Marine facilities.

Defs' Reply in Supp. of Mot. Requesting
That the Court Make Additional Findings
No. 3:12-cv-05537

U.S. Department of Justice
999 18th St., S. Terrace – Suite 370
Denver, CO  80202
(303)844-1376

- 1 -

*See* Decl. of Richard T. Adams ("Adams Decl.") ¶¶ 4-12, ECF No. 55-1.  While Plaintiffs may have obtained similar documents from the Internet, they did not independently obtain the documents *produced in the litigation* (document numbers 1, 2, and 11 in the proposed order, ECF No. 121-4).[1]  The Court indicated long ago that its ruling did not apply to documents on the Internet, and that interpretation of the Court's order was confirmed by the Ninth Circuit.  *See Ground Zero*, 860 F.3d at 1258 (quoting the district court as stating "that it would not 'sanction the plaintiffs for possessing or finding [the documents] from Google'").  Thus, the issue here is not whether documents found on the Internet are protected from disclosure, but whether documents *produced in the litigation* should remain protected.[2]

What Plaintiffs appear to be arguing is that the fact that copies of the documents (and thus the information in the documents) have been inadvertently made public weighs in favor of disclosing those documents.  *See Ground Zero*, 860 F.3d at 1262 (relevant to the inquiry is "the extent to which the information they contain already has been publicly disclosed").  But this factor is not dispositive.  While copies of NAVSEA OP 5 have been available on the Internet at various times, when the Navy or, recently, the Marine Corps has become aware of such instances, it has acted to take NAVSEA OP 5 off of publicly available websites and to prevent the further dissemination of the document.  *See* Second Declaration of Gary A. Hogue ("Sec. Hogue Decl.") ¶¶ 3-5; Declaration of Carleton W. Hasle ("Hasle Decl.") ¶¶ 3-4; *see also* Adams Decl. ¶¶ 11-12. Thus, while it is true that copies of NAVSEA OP 5 have been publicly available

---

[1] To assist the Court with locating and identifying the documents at issue, Defendants have attached to this motion a Document Chart where the can be found in the Court's records.

[2] Regardless of the fact that this Court's order does not reach documents retrieved from the Internet, Plaintiffs still should refrain from disseminating copies or excerpts of NAVSEA OP 5 because the information contained therein is sensitive and could cause harm to the nation's national security interests.  *See* Adams Decl. ¶¶ 4-12.  NAVSEA OP 5 also states on its cover that there is technical data in the document that is protected by the Arms Export Control Act, 22 U.S.C. § 2751 *et seq.*, and 10 U.S.C. § 130.

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

- 2 -

at times, their availability has been limited and intermittent.  Plaintiffs are asking this Court for a

license to distribute NAVSEA OP 5 to anyone at any time, and that should be denied.

**B.**  **The Four Documents Allegedly Obtained from the Media after Being Disseminated to the Media**

Plaintiffs have failed to demonstrate that they independently obtained four documents

(numbers 3, 5, 7, and 8) that were allegedly disseminated to the media and returned to them.  The

facts asserted are questionable, but even assuming that they are true, they fail to fall within the

exception carved out by the Ninth Circuit for documents that were disseminated prior to the

issuance of a protective order and later disseminated to a litigant.

As an initial matter, the notion that it was the Navy's burden to show whether Plaintiffs

themselves obtained documents independently is absurd.  *See* Pls.' Mem. in Opp'n to Navy's

Mot. & in Supp. of Cross-Mot. for Order Unsealing all Docs. at 5-6, ECF No. 122 ("Pls.' Opp.").

Not only was it impossible for the Navy to know what documents Plaintiffs possessed or how

they got them, Plaintiffs withheld pertinent information from the Navy in discussing the issue.

Mr. Milner claims to have retrieved documents subject to the Court's protective order from the

media on April 25, 2020.  Decl. of Glen Milner ¶ 20, ECF No. 123 ("Milner Decl.").  Yet when

Plaintiffs' counsel Katherine George sent Defendants a "checklist" on May 26, 2020, she omitted

any reference to that pertinent piece of information.  *See* Decl. of Luther L. Hajek ¶ 4, ECF No.

125-1, and Ex. 2, ECF No. 125-3.  Likewise, on June 4, 2020, when Plaintiffs' counsel James

Lobsenz sent a draft of Mr. Milner's declaration (presumably what he intended to file if the

matter were litigated), the draft failed to provide any information about how Mr. Milner

allegedly obtained the documents, let alone the purported fact that Mr. Milner retrieved the

documents from the media on April 25, 2020.  *Id.* ¶ 5 & Ex. 3.  Mr. Milner offers no evidence,

other than his own testimony, that he retrieved the documents from the media.  The lack of

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO 80202
(303)844-1376

- 3 -

supporting evidence and the fact that Plaintiffs repeatedly withheld this piece of information during discussions regarding the documents draw into question the validity of these assertions.

But assuming that it is true, it is still insufficient to show that Plaintiffs obtained the documents independently from the litigation.  The Supreme Court has stated that "[a] party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).  In its opinion in this case, the Ninth Circuit stated that this principle applies "even if the independent source originally obtained the documents from Ground Zero, as long as Ground Zero disseminated them before the district court entered the sealing order."  *Ground Zero*, 860 F.3d at 1258 (citing *United States v. Caparros*, 800 F.2d 23, 27 (2d Cir. 1986)).  What exactly the Ninth Circuit meant by that statement is unclear because the court never made any findings as to whether documents were independently obtained.  In any event, Plaintiffs fail to demonstrate that the exception carved out by the Ninth Circuit is broad enough to encompass what they assert occurred.

The facts, as Plaintiffs assert them, are that Mr. Milner distributed four documents to various media outlets in 2012.  Milner Decl. ¶¶ 13-16.  Some of those media outlets published stories about the litigation, but they did not further disseminate the documents that Mr. Milner provided to them.  *Id.* ¶¶ 17, 18 & Apps. A, B.  Subsequently, over the course of more than seven years, the documents remained under seal and Mr. Milner admittedly did not possess the documents independently from the litigation.  Then, "[i]n anticipation of the Navy's motion this year," Pls.' Opp. at 7, Mr. Milner asked a reporter to whom he had sent the documents over seven years previously to return the documents to him.  Milner Decl. ¶ 20.  The fact that Mr. Milner did not possess the documents continuously weighs against his contention that he obtained the documents independently.  *Cf. Caparros*, 800 F.2d at 27 (declining to treat an

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537

- 4 -

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

1  interlocutory appeal on a First Amendment issues as a writ of mandamus, in part, because the

2  defendant had not "retained continuous possession of [materials subject to a protective order]."

3      These assertions do not show that Mr. Milner obtained the documents "independent of

4  the court's processes." *Seattle Times*, 467 U.S. at 34.  Instead, what it shows is that Mr. Milner

5  obtained the documents due to the court's process, and when he shared the documents with third

6  parties, they did not publicly disseminate the documents.  And it was only when Mr. Milner

7  asked that the documents be returned, seven years later, that he actually came into possession of

8  the documents again.  Thus, the Court should not find that Mr. Milner obtained these four

9  documents independently from this litigation.

10      **C.    The Seven Documents that Allegedly Were Independently Obtained Should
            Remain Protected**

11      Plaintiffs argue that, even if the Court rules that the seven documents discussed above

12  were not independently obtained, they should not be protected based on the extent to which the

13  documents have been publicly disclosed.  *See* Pls.' Opp. at 6-7; *see also Ground Zero*, 860 F.3d

14  at 1262.  Plaintiffs are incorrect.  As discussed above, while the Navy acknowledges that copies

15  of NAVSEA OP 5 have, at various times, been accessible on the Internet, the Navy and Marine

16  Corps have acted to retrieve copies of NAVSEA OP 5 that have been improperly released.  *See*

17  Sec. Hogue Decl. ¶¶ 3-5; Hasle Decl. ¶¶ 3-4.  As for the documents shared with the media, the

18  only evidence before the Court indicates that the media outlets did *not* further disseminate the

19  documents.  As for the documents in the Court's copy of the record, they were under seal and

20  there is no evidence that any were disseminated to members of the public.  Accordingly, the fact

21  that the information in the documents has not been widely disseminated to the public weighs

22  against requiring disclosure of the documents.  *See Ground Zero*, 860 F.3d at 1262.

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   Plaintiffs' Arguments that Defendants Did Not Make the Proper Factual Showing to Support the Protection of the Documents Are Without Basis

With respect to documents that Plaintiffs do not allege were independently obtained, Plaintiffs argue that the Navy has applied the wrong standard and has not shown sufficient facts to support the protection of the documents. *See* Pls.' Opp. at 8-12. Plaintiffs' arguments misconstrue the Ninth Circuit's opinion and fail to rebut the factual evidence offered by the Navy.

First, Plaintiffs are simply incorrect that the Ninth Circuit has weighed the evidence offered by the Navy and found that it was insufficient to justify the protection of the documents from disclosure. The Ninth Circuit held that, in order to justify the protection of the documents, the Navy had to show "compelling reasons" for such protection, and that if the district court agreed that the Navy had shown such compelling reasons, then it needed to "articulate the factual basis for its ruling." *Ground Zero*, 860 F.3d at 1261 (citation omitted). Because the district court had not made such specific factual findings, the Ninth Circuit remanded for the district court to make those findings in the first instance. *Id.* at 1262-63. But the Ninth Circuit never opined on whether the declarations previously offered by the Navy were sufficient to justify the heightened standard. Instead, the Ninth Circuit "remand[ed] for further proceedings to determine whether, under the standard we have announce today, restrictions on Ground Zero's speech are warranted." *Id.* at 1263.

Second, the documents should be protected under the standard articulated by the Ninth Circuit. Plaintiffs suggest that Defendants are asking the Court to apply a "good cause" standard and not the "compelling reasons" standard, *see* Pls.' Opp. at 10, but that is simply not the case. *See* Defs.' Mot. Requesting that the Court Make Additional Findings at 1, 8, ECF No. 121. Plaintiffs also are incorrect that the Ninth Circuit held that the documents were not worthy of

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

- 6 -

protection because they were not classified.  *See* Pls.' Opp. at 9-10.  The Ninth Circuit indicated

that whether the documents were classified would be a factor in the district court's analysis, but

it did not say that only classified documents could be protected from disclosure under the

heightened standard.  *Ground Zero*, 860 F.3d at 1262.  The other factor identified by the Ninth

Circuit was the extent to which the information in the documents has been publicly disclosed.

*See id.*  As already discussed, this factor weighs in favor of protecting the documents because,

contrary to Plaintiffs' assertions, the documents have not been widely circulated.  The documents

Plaintiffs sent to the media remained confined to those organizations, and the documents in the

Court's records remained under seal.

> Finally, Plaintiffs argue that the evidence offered by the Navy is not enough because the

Navy's declarants stated only that release of the information "could" cause harm to the nation's

security, not that it "would" cause harm.  Pls.' Opp. at 12.  Plaintiffs again misconstrue the

standard established by the Ninth Circuit, which was the "compelling reasons" standard.  *Ground

Zero*, 860 F.3d at 1261.  The language cited by Plaintiffs is not part of the Ninth Circuit's

articulation of the standard, but is instead part of a subsequent discussion of the standard, in

which the court clarified that merely implicating national security is not sufficient to warrant

protection.  Viewed in context, there is no reason to believe that the Ninth Circuit intended that,

in order for protection to apply, the Navy must establish that harm to national security will occur

if the information is released.  Further, even materials protected as classified are ones that

appropriate officials deem "could" cause particular levels of harm, not "would" cause harm.  *See*

Exec. Order No. 12,958, 60 Fed. Reg. 19,825 (Apr. 17, 1995).

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

- 7 -

1

2

### III.  The Court Should Defer to the Expert Determinations of Navy Officials Regarding the Risks of Releasing the Documents

3

The Court should reject the Plaintiffs' arguments that they know better than the Navy the

4

risks of releasing the information in the documents.  *See* Pls.' Opp. at 13-16.  Courts should not

5

"second-guess" determinations regarding the classification of documents made by Department of

6

Defense Officials.  *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983); *see also Salisbury*

7

*v. United States*, 690 F.2d 966, 970 (D.C. Cir. 1982); *cf. Berman v. CIA*, 501 F.3d 1136, 1140

8

(9th Cir. 2007) (finding that the CIA's reasons for protecting information from disclosure are

9

entitled to deference).  Accordingly, the Court should decline the Plaintiffs' invitation to second

10

guess the Navy's judgment here.

11

Naval officials continue to assert the necessity of protecting from release information that

12

was inadvertently disclosed.  *See* Sec. Hogue Decl. ¶¶ 6-9; Decl. of Gary A. Hogue ("Hogue

13

Decl.") ¶¶ 3-7, ECF No. 121-2; Decl. of Michael K. Nortier ¶¶ 3-5, ECF No. 121-3; Decl. of

14

Thomas J. Dargan ¶¶ 7-14, ECF No. 55-2; Adams Decl. ¶¶ 4-22.  Plaintiffs make three

15

arguments that the public availability of some information somehow nullifies the protection of

16

any similar controlled unclassified information ("CUI"), each of which should be rejected.

17

First, Plaintiffs contend that a document (number 6) should be made publicly available

18

because three of the four references cited in the document are publicly available.  To the

19

contrary, information and data pertaining to the probability of detonation and the risk as a result

20

of an accidental detonation of the systems being handled at the new explosives handling wharf

21

("EHW-2") (and the existing wharf, "EHW-1") is the type of information in document EHW

22

75292-94 that deserves protection.  Sec. Hogue Decl. ¶6; Hogue Decl. ¶¶ 4, 6-7; Adams Decl. ¶¶

23

14-17.

24

25

26

27

28

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537                                    - 8 -

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

Second, Plaintiffs contend that inconsistent redactions among duplicate documents within the Administrative Record (numbers 4 and 9) justify releasing information protected from disclosure.  They are incorrect.  As succinctly explained in the Court's July 2013 order, some inconsistencies in redactions among similar or duplicate documents "is to be expected in an Administrative Record this size."  July 29, 2013 Order at 2, ECF No. 84; *see also* Sec. Hogue Decl. ¶¶ 7, 9.

Finally, the fact that Mr. Milner has gleaned some knowledge about the Navy's operations from documents produced under the Freedom of Information Act is insufficient to demonstrate that the document at issue here (number 10) should be released.  The public availability of some information related to explosive safety does not invalidate the Navy's need to protect this kind of information.  The document, EHW 74642-74932, contains sufficient information on Explosives Safety Quantity Distance arcs that information about the amount and type of weapons present at the EHW could be gleaned, which poses a potential threat to the strategic operations and missions of the Navy.  Nortier Decl. ¶¶ 4-5; Sec. Hogue Decl. ¶¶ 8-9.

As to Plaintiffs' suggestion that the Navy has violated its own policy by not releasing the documents, *see* Pls.' Opp. at 16-17, they are again incorrect.  The policy requires the Navy to disclose information "to the fullest extent possible."  The Navy followed that policy in this case doing exactly what the policy says and withholding only materials that contained information that was classified or CUI.  The Navy is not required by its own policy and procedures to produce every document.

**CONCLUSION**

Accordingly, Defendants respectfully request the Court issue an order making specific findings that the Navy has demonstrated compelling reasons as to why the documents at issue should remain protected, as set forth in the proposed order submitted with Defendants' motion.

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537

U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

- 9 -

Respectfully submitted this 7th day of August, 2020,

JEAN E. WILLIAMS
Deputy Assistant Attorney General

*/s/ Luther L. Hajek*
LUTHER L. HAJEK, D.C. Bar No. 467742
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376
Fax: (303) 844-1350
E-mail: Luke.Hajek@usdoj.gov

PETER KRYN DYKEMA
D.C. Bar No. 419349
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment and Natural Resources Division
Ben Franklin Station, P.O. Box 663
Washington, DC 20044-0663
Tel: (202) 305-0436
Fax: (202) 305-0274
E-mail: Peter.Dykema@usdoj.gov

Attorneys for Defendants

DEFS' REPLY IN SUPP. OF MOT. REQUESTING
THAT THE COURT MAKE ADDITIONAL FINDINGS
NO. 3:12-CV-05537
- 10 -
U.S. DEPARTMENT OF JUSTICE
999 18TH ST., S. TERRACE – SUITE 370
DENVER, CO  80202
(303)844-1376

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2020 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification to attorneys of record.

*/s/ Luther L. Hajek*
Luther L. Hajek

Defs' Reply in Supp. of Mot. Requesting
That the Court Make Additional Findings
No. 3:12-cv-05537

U.S. Department of Justice
999 18th St., S. Terrace – Suite 370
Denver, CO  80202
(303)844-1376

- 11 -