HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GROUND ZERO CENTER FOR NON-VIOLENT ACTION,<br><br>              Plaintiff,<br>    v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, et al.,<br><br>              Defendants. | CASE NO. C12-5537RBL<br><br>ORDER |

THIS MATTER is before the Court on the Defendant Navy's Motion Requesting that the Court Make Additional Factual Findings [Dkt. # 121] and its Motion for a Protective Order [Dkt. # 125].

This Court granted the Navy's Motion for Summary Judgment and dismissed Ground Zero's claims. [Dkt. #s 105, 106, and 112]. Ground Zero appealed this and the Court's prior Orders, including its "Order Re: Inadvertently Disclosed Documents" [Dkt. # 50]. The Ninth Circuit affirmed the dismissal. *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244, 1263 (2017). But it vacated and remanded the Court's "gag order," holding that it may have infringed on Ground Zero's First Amendment rights. It instructed this Court to conduct further proceedings to determine whether, under the "compelling

reason" standard announced in the Opinion, restrictions on Ground Zero's speech were warranted. [*Id*.; Dkt. # 116 at p. 37].

The gag Order addressed the Navy's inadvertent disclosure (in the administrative record) of eleven documents[1] that it claims should have been redacted as Unclassified Controlled Nuclear Material (UNCI) and Critical Infrastructure Security Information (CISI). The Ninth Circuit held that in order to prevent the release of the documents, this Court had to make specific findings, "justified by specific facts showing that disclosure of particular documents would harm national security."

---

[1] The Documents are:

1. EHW 42283 – 42310 (Change 8 to NAVSEA OP 5, Volume 1, Seventh Revision, Ammunition and Explosives Safety Ashore)

2. EHW 102590 – 102591 (NAVSEA OP 5, Volume 1 Sixth Revision)

3. EHW 52985 – 52991 (Preliminary Site Approval Request for MILCON P-990 to Construct Explosives Handling Wharf Two, at Naval Base Kitsap)

4. EHW 74344 – 74350 (DDESB Final Approval of Site Approval Request to Perform Industrial Maintenance and Waterfront Handling Support for SSGN Submarines)

5. EHW 75261 – 75291 (Briefing for DDESB on the Naval Base Kitsap EHW-2 Site Plan)

6. EHW 75292 – 75294 (Risk Estimates for EHW-1 and EHW-2 at Bangor, Propulsion Ordnance and Explosives Safety Unit)

7. EHW 75295 – 75301 (Read Ahead Table of Contents - Secretarial Certification for Naval Base Kitsap – Bangor)

8. EHW 75393 – 75417 (Explosives Safety Secretarial Certification for Naval Base Kitsap Bangor, WA)

9. EHW 81131 – 81145 (Site Approval to Perform Industrial Maintenance and Waterfront Weapons Handling Support for SSGN Submarines at Naval Base Kitsap, Bangor)

10. EHW 74642 – 74932 (Waterfront Function Plan)

11. Exhibit 4 to the Declaration of Rear Admiral Terry J. Benedict, ECF No. 28-3.

1  Three years after the Ninth Circuit's opinion (and in response to this Court's inquiry,
2  raised by an internal audit, showing the case was still pending), the Navy asks the Court to make
3  such findings. It argues that the Ninth Circuit did not hold that its prior showing was insufficient,
4  but instead required this Court to make factual findings about the Navy's claim that there were
5  compelling reasons to allow it to "claw back" the documents it had already disclosed.

6  Ground Zero emphasizes that the Ninth Circuit already held that neither this Court nor
7  the Navy can preclude the dissemination of any documents Ground Zero obtained from a source
8  other than the Navy's disclosure. It argues it obtained seven of the eleven documents at issue
9  from a source other than the Navy. It claims that it asked the Navy to confirm as much, and the
10 Navy would not respond. It sent a Request for Admission, and the Navy responded with its
11 Motion for a Protective Order, arguing that discovery is not appropriate in an APA case. The
12 Navy's Motion may be technically proper, but its intransigence does not assist the Court in
13 making the factual findings it seeks.

14 Ground Zero has demonstrated that it obtained seven of the documents from sources
15 outside the Navy, and the Navy has refused to participate in convincing the Court otherwise. The
16 Motion for a Protective Order [Dkt. # 125] is **DENIED**. As to the seven "independent"
17 documents, the Navy's Motion for Factual Findings [Dkt. # 121] is also **DENIED**.

18 As to the remaining four documents, Ground Zero argues the Navy's motion repeats and
19 relies on an argument that the Ninth Circuit already rejected: that the documents' status as UNCI
20 or CISI material "protects it from disclosure." The Ninth Circuit already held that the fact that it
21 would have been protected from a FOIA request in the first instance is not enough to warrant a
22 gag order *after* the government discloses it. 860 F.3d at 1262.

23
24

1 | The Navy's general reliance on the "risk" that the information could be useful to one seeking to harm the United States is similarly insufficient. The Ninth Circuit required specific facts supporting a finding that, absent restrictions on Ground Zero's First Amendment rights, the disclosure *would* cause harm. Ground Zero demonstrates that the Navy has not made such a showing; its witnesses all say it *"could"* do so. The documents were first disclosed eight years ago, and it has been three years since the Ninth Circuit put the onus on the Navy to make a convincing case for suppressing them. The passage of time only supports the conclusion that Ninth Circuit's high standard for a gag order under these circumstances has not been met.

The Court cannot not make specific findings that there is a compelling reason to impose restrictions on Ground Zero's use or possession of the inadvertently disclosed documents.

The Navy's Motion for Factual Findings [Dkt. # 121] is **DENIED**.

The Court will **STAY** the effectiveness of this Order for **14 days**, to permit the Navy to appeal if it so chooses.

IT IS SO ORDERED.

Dated this 31st day of August, 2020.

Ronald B. Leighton
United States District Judge

ORDER - 4